ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| LUZ J. MOJICA ROSADO<br><br>Peticionaria<br><br><br>V.<br><br>XAVIER MÉNDEZ ESTRADA<br><br>Recurrido | TA2025CE00634 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.:<br>E CU2025-0006<br><br>Sobre:<br><br>Relaciones Filiales |
|---|---|---|

Panel integrado por su presidenta, la Juez Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez

**Ronda Del Toro, Juez Ponente**

# RESOLUCIÓN

En San Juan, Puerto Rico, a 23 de octubre de 2025.

Luz J. Mojica Rosado (peticionaria o Mojica Rosado), por derecho propio, solicita la revisión de la *Orden* que emitió el Tribunal de Primera Instancia, Sala de Caguas, el 23 de septiembre de 2025.  Mediante esta, el foro de instancia pautó una vista de desacato para el 29 de octubre de 2025 a las 9:00 a.m., más le requirió a Mojica Rosado la suma de mil dólares ($1,000.00) para abonar a la deuda so pena de sanciones.

Junto al recurso, la peticionaria incluyó una *Solicitud y Declaración para que se exima de pago de arancel por razón de indigencia*.  Aceptamos esta comparecencia según solicitada.

Dadas las particularidades de este caso, prescindimos de escritos posteriores conforme la facultad que nos concede la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, *In re Aprob.*

*Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR ___ (2025), 4 LPRA Ap. XXII-B.

　Evaluado el recurso, procedemos a denegarlo.

## I.

　Del expediente trasciende que, en la causa del 27 de marzo de 2017, se celebró una vista sobre un incidente de alimentos, ante la Examinadora de Pensiones Alimentarias del tribunal.　A esa audiencia compareció el promovente Xavier Méndez Estrada y la promovida Luz J. Mojica Rosado, ambos representados por sus respectivos abogados.　Tras ello, el 29 de marzo de 2017, la Sala de Familia y Menores del Tribunal de Primera Instancia en Bayamón, emitió una *Resolución*, en la cual le fijó a la aquí peticionaria Mojica Rosado una pensión de $80.97 semanales y otros, a beneficio de sus dos hijos menores.[1]

　Mas adelante, el 5 de abril de 2017, Mojica Rosado presentó una *Moción Solicitando Plan de Pago* para una deuda por concepto de pensión alimentaria de $1,324.89.[2]　El 19 de junio de 2017, el foro primario emitió una *Orden* a Mojica Rosado para una vista de desacato a celebrarse el 16 de agosto de 2017.[3] El 15 de agosto de 2017, el foro primario dictó una *Resolución* preliminar con un plan de pago de $40.00 semanales.[4]

　La peticionaria indicó en su recurso que el 9 de julio se celebró una vista de seguimiento sobre incumplimiento de pensión.　La peticionaria mencionó que, en esa vista, pagó tres mil dólares ($3,000) para el plan de pago o el balance adeudado y, luego ha estado pagando $400.00 mensuales.　Sostuvo que ahora le piden más dinero y que se señaló una vista de

---

[1] SUMAC TA, anejo, apéndice parte 1, páginas 9, 11-12.
[2] SUMAC TA, anejo, apéndice parte 1, páginas 1-2.
[3] SUMAC TA, anejo, apéndice parte 1, páginas 4-5.
[4] SUMAC TA, anejo, apéndice parte 1, página 3.

seguimiento para el 15 de septiembre.[5] Alegó que esa vista se suspendió por motivo del traslado del caso al tribunal de Caguas.

Surge del expediente que el 28 de agosto de 2025, el Tribunal de Bayamón, emitió una *Orden* para trasladar el caso por razón de la residencia de los menores. En consecuencia, dejó sin efecto la vista del 15 de septiembre de 2025 e indicó que, "[u]na vez llegado el expediente a la nueva Región, se deberá señalar vista de seguimiento por deuda de pensión."[6] Así, el 3 de septiembre de 2025, la Jueza Coordinadora del Tribunal de Bayamón ordenó el traslado del expediente a la Sala Superior de Caguas.[7]

Así, el 25 de septiembre de 2025, el Tribunal de Caguas, pautó una vista de desacato para el 29 de octubre de 2025 a las 9:00 a.m., más le requirió a Mojica Rosado a "traer al menos $1,000.00 para abonar a la deuda so pena de ordenar su arresto e ingreso en una institución correccional."[8]

En desacuerdo, el viernes, 10 de octubre de 2025, Mojica Rosado presentó un recurso de *Certiorari* en este foro de revisión intermedio. El recurso no contiene señalamientos de error.

El martes, 15 de octubre de 2025, la peticionaria presentó una *Moción informando notificación según Reglas de Procedimiento Civil Conforme R. 52.2 y 52.3.* Indicó que entregó copia del recurso al tribunal de Caguas, a ASUME y, en ese mismo día, por correo, a la representación legal del recurrido, pues la oficina estaba cerrada. Mencionó una evidencia sobre el envío de los documentos por correo, pero no los incorporó al expediente.

Revisamos.

---

[5] Recurso de Certiorari, páginas 1 y 2, párrafo 1 de ambas páginas.
[6] SUMAC TA, anejo, apéndice parte 1, página 13.
[7] SUMAC TA, anejo, apéndice parte 1, página 16.
[8] SUMAC TA, anejo, apéndice parte 1, página 20.

**II.**

**A.**

El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. BPPR v. SLG Gómez-López, 213 DPR 314, 336 (2023); Rivera et al. v. Arcos Dorado et al., 212 DPR 194, 207 (2023); Torres González v. Zaragoza Meléndez, 211 DPR 821, 846-847 (2023); Caribbean Orthopedics v. Medshape et al., 207 DPR 994, 1004 (2021); 800 Ponce de León v. AIG, 205 DPR 163, 174-175 (2020); IG Builders *et al*. v. BBVAPR, 185 DPR 307, 337-338 (2012). Contrario al recurso de apelación, la expedición o no del auto de *certiorari* solicitado descansa en la sana discreción del Foro Apelativo. Torres González v. Zaragoza Meléndez, *supra,* pág. 847; Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 729 (2016).

En lo que nos atañe, la Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, nos faculta por excepción, a revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Ahora bien, con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso *Certiorari*, nuestros oficios se encuentran enmarcados en la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR ___ (2025), 4 LPRA Ap. XXII-B. Referida regla señala los criterios que debemos tomar en

consideración al atender una solicitud de expedición de un auto de *Certiorari*.  Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008).  Esta dispone lo siguiente:

A.  Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.

C.  Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.  Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Es norma reiterada que los jueces de instancia tienen gran flexibilidad y discreción para lidiar con el manejo diario y tramitación de los asuntos judiciales. BPPR v. SLG Gómez-López, *supra*, págs. 333-334.  La deferencia al juicio y a la discreción del foro primario está fundamentada en el principio de que los foros apelativos no pueden pretender conducir ni manejar el trámite ordinario de los casos que se ventilan ante el Tribunal de Primera Instancia. Como es harto sabido, dicho foro es el que mejor conoce las particularidades del caso y quien está en mejor posición para tomar las medidas necesarias que permitan cimentar el curso a trazar y así llegar eventualmente a una disposición final. BPPR v. SLG Gómez-López, *supra*, pág. 334, citando a Mejías v. Carrasquillo, 185 DPR 288, 306-307 (2012).

Así pues, como regla general, los foros apelativos no intervendrán en la discreción de los foros primarios a no ser que las decisiones emitidas resulten arbitrarias o en un abuso de su discreción. BPPR v. SLG Gómez-López, *supra*, pág. 334; VS PR, LLC v. Drift-Wind, 207 DPR 253, 273 (2021). El adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. BPPR v. SLG Gómez-López, *supra*, pág. 335; SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414, 434-435 (2013); Rivera Durán v. Banco Popular, 152 DPR 140, 155 (2000).

Ahora bien, la discreción cede en las circunstancias en las que se configura un craso abuso de esta o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que la intervención en esa etapa evitaría un perjuicio sustancial a la parte afectada por su determinación. BPPR v. SLG Gómez-López, *supra*; Rivera et al. v. Arcos Dorados et al., *supra*. Por ende, si no se encuentra presente en la petición ante nuestra consideración ninguno de los criterios antes transcritos y la actuación del foro primario "no está desprovista de base razonable ni perjudica derechos sustanciales de una parte, lo lógico es que prevalezca el criterio del juez de instancia a quien corresponde la dirección del proceso". Sierra v. Tribunal Superior, 81 DPR 554, 572 (1959).

**B.**

Nuestra jurisdicción reconoce que los menores tienen un derecho fundamental a recibir alimentos que emana de la cláusula constitucional del derecho a la vida consagrado en la Carta de Derechos de la Constitución de Puerto Rico. Díaz Rodríguez v. García Neris, 208 DPR 706, 717 (2022); De León Ramos v.

Navarro Acevedo, 195 DPR 157, 169 (2016). Reiteradamente, se ha expresado que la obligación de todo progenitor de proveer alimentos a sus hijos e hijas está revestida del más alto interés público. James Soto v. Montes James, 213 DPR 718, 729 (2024); Díaz Rodríguez v. García Neris, *supra*, pág. 718. El interés principal es el bienestar del menor. Díaz Rodríguez v. García Neris, *supra*; Santiago, Maisonet v. Maisonet Correa, 187 DPR 550, 559 (2012). La obligación de proveer alimentos no cesa automáticamente por el mero hecho de que el menor advino a la mayoría de edad. James Soto v. Montes James, *supra*, pág. 730.

Por último, cabe mencionar que las determinaciones de alimentos no constituyen cosa juzgada y están sujetos a revisión cuando existe un cambio sustancial en las circunstancias que originaron el convenio. Díaz Rodríguez v. García Neris, *supra,* pág. 722*;* Pesquera Fuentes v. Colón Molina, 202 DPR 93, 105 (2019). El cambio sustancial en las circunstancias es "aquel que afecta la capacidad del alimentante para proveer los alimentos o las necesidades de los alimentistas". Pesquera Fuentes v. Colón Molina, *supra*, pág. 107; McConnell v. Palau, 161 DPR 734, 747 (2004).

### III.

El recurso de la peticionaria Mojica Rosado no contiene ningún señalamiento de error. No obstante, la peticionaria menciona en su recurso que el plan de pagos que se le impuso de cuarenta dólares ($40.00) semanales, debió ser quincenal. Solicitó que los cómputos del plan de pagos se hagan correctamente y que se actualice el balance con los pagos que ha realizado. Alegó que hubo cambios en su salario, que trabaja a tiempo parcial y que no puede trabajar a tiempo completo por razón de su salud. Requirió que la vista de desacato, pautada

para el 29 de octubre de 2025, sea una de seguimiento para presentar evidencia. Manifestó que si tiene que cumplir con alguna cantidad que sea menor a mil ($1,000) dólares, pues trabaja *part time* y su hijo mayor ya tiene veintiún (21) años.

De lo anterior trasciende que la peticionaria Mojica Rosado, cuestiona la determinación del foro primario de pautar una vista de desacato para el 29 de octubre de 2025. Expuso ciertos argumentos para que referida vista sea para presentar evidencia.

La determinación del foro primario, cuya revisión se nos solicita, se trata de un trámite de manejo de caso para la celebración de una vista de seguimiento de pensión alimentaria. En el quehacer del tribunal de primera instancia, no detectamos que estén presentes alguno de los requisitos de la Regla 40, *supra,* que justifique variar el ejercicio de la discreción del tribunal de primera instancia en el asunto que se considera. A su vez, la peticionaria tampoco nos demostró que el foro primario incurriera en arbitrariedad o abuso de discreción al pautar la referida audiencia en un asunto fundamental de alimentos de menores.

**IV.**

Por los fundamentos expuestos, los que hacemos formar parte de este dictamen, denegamos el recurso de *Certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís<br>
Secretaria del Tribunal de Apelaciones